UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Kenneth Hart

    v.                                                        Civil No. 11-cv-002-JD

New Hampshire State Prison

**REPORT AND RECOMMENDATION**

    Kenneth Hart has filed a motion to reopen the above-captioned case (doc. no. 25). The motion has been referred to this court for consideration and a recommendation. This case was initially filed in November 2010, and dismissed without prejudice in April 2011, because Hart failed to either pay the filing fee in this matter or complete the paperwork necessary to obtain in forma pauperis status (doc. no. 18).

    In addition to filing his motion to reopen this case, Hart filed the same request in another case, Hart v. Does, Civ. No. 10-fp-533 (doc. no. 10). On August 26, 2011, the court denied the motion in 10-fp-533, and directed that the motion to reopen be docketed as the complaint in a new civil rights case.

    Federal Rule of Civil Procedure 60(b) governs when a party can obtain relief from a final judgment or order under certain circumstances. Rule 60(b) states:

> On motion and just terms, the court may relieve a
> party or its legal representative from a final

>    judgment, order, or proceeding for the following
>    reasons:
>
>    (1) mistake, inadvertence, surprise, or excusable
>    neglect;
>
>    (2) newly discovered evidence that, with
>    reasonable diligence, could not have been
>    discovered in time to move for a new trial under
>    Rule 59(b);
>
>    (3) fraud (whether previously called intrinsic or
>    extrinsic), misrepresentation, or
>    misrepresentation, or misconduct by an opposing
>    party;
>
>    (4) the judgment is void;
>
>    (5) the judgment has been satisfied, released or
>    discharged; it is based on an earlier judgment
>    that has been reversed or vacated; or applying it
>    prospectively is no longer equitable; or
>
>    (6) any other reason that justifies relief.

None of the circumstances enumerated in the rule are presented here.  Because the same motion is being docketed as the complaint in a new case, Hart has a forum to present any legitimate claims raised in this motion to reopen, and therefore, there is no reason to reopen this matter.  The court recommends that the motion to reopen (doc. no. 25) be denied.

## Conclusion

Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice.  <u>See</u> Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the

specified time waives the right to appeal the district court's order. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010); United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008).

                                                _____
                                                Landya B. McCafferty
                                                United States Magistrate Judge

Date: August 29, 2011

cc:  Kenneth Hart, pro se

LBM:jba